# APRIL TERM, 1879.

EPHRAIM J. HARDY v. DAVID POWELL.

*Possession under claim of title—Tax-deeds.*

A decree quieting title was granted upon a showing that complainant had been in undisturbed possession for more than twenty years before the action under claim of title based upon sales for taxes; and this without reference to the validity of the tax-deeds.

Appeal from Livingston. Submitted January 8. Decided April 8.

BILL to quiet title. Defendant appeals.

*Waddell, Hubbell & Shields* for complainant. A bill to quiet title will be supported by visible and notorious acts of ownership exercised by the complainant on the disputed premises for 20 years after an entry under claim and color of title, *Ellicott v. Pearl*, 10 Pet., 412; *Ewing v. Burnet*, 11 Pet., 41; *Stanley v. White*, 14 East, 332; *Tredwell v. Reddick*, 1 Ired. (N. C.), 56; *Langworthy v. Myers*, 4 Ia., 18; *Ford v. Wilson*, 35 Miss., 504; *Heiser v. Riehle*, 7 Watts (Pa.), 35; *Kent v. Harcourt*, 33 Barb., 491; *Watkins v. Holman*, 16 Pet., 25; 2 Washb. Real Property, 501; Angell on Limitations, § 397; possession shows sufficient title as against one who does not show a better right, *Hall v. Kellogg*, 16 Mich., 135; *Rayner v. Lee*, 20 Mich., 385; *McFarlane v. Ray*, 14 Mich., 465; Best on Presumptions, 87; Mathew on Presumptive Evidence, 6–7; Tyler on Ejectment, 70, 204; twenty years'

possession is as good as a deed in fee simple, *Harpending v. Dutch Church*, 16 Pet., 455.

*H. H. Harmon* for defendant.

MARSTON, J. Complainant claiming to be the owner and in possession of certain premises, filed his bill to quiet title thereto.

The lands in question were patented by the United States to Artemas S. Hardy in 1836. Hardy and wife conveyed to Joseph Whittaker, who conveyed to John Lord, Sept. 3d, 1840. The deed to Lord was recorded on the same day, and no question is made but that Lord under this deed became owner in fee simple of the premises. Defendant claims title through Lord under a conveyance purporting to have been executed by Lord to Peter D. McLane, October 8th, 1840, and acknowledged before a justice of the peace of Lapeer county. There is strong testimony in the case tending to show that what purports to be the signature of the justice before whom it is claimed Lord acknowledged the execution of the deed to McLane, is not his genuine signature. There are also many suspicious circumstances connected with the transfers from the so-called McLane to defendant, and also as to the manner and method by which defendant purchased and paid, or agreed to pay, for the land.

John Lord was examined in England, and afterwards in Livingston county, and his testimony is corroborated by that of other witnesses so fully and clearly that we must accept what he says as true beyond question.

He came from England in 1840; landed in New York August 2d; from there he came to Howell direct, where he arrived the latter part of August. He purchased and paid for this land and immediately left for England, going direct from Howell by stage to Detroit, thence to Buffalo by lake, and sailed from New York for England the latter part of September, 1840. The way he traveled, the name of the ships, boats, and the time he spent at each place, he gives in detail, and from his testimony it

is clear that he never was in Lapeer county, where the deed to McLane purports to have been acknowledged, and that he was on the Atlantic ocean October 8th, 1840, at the time this deed purports to have been executed by him in Lapeer county. He also testifies clearly and distinctly that he never conveyed the premises to any one until he conveyed the same to complainant after the commencement of this suit.

It is clear therefore, beyond dispute, that defendant has at no time had even a shadow of right to the premises or title thereto.

The complainant claims, and introduces testimony which satisfies us, that he took possession in the fall or early winter of 1850 under a written contract of purchase from parties claiming title thereto under a sale for taxes, and that he has continuously since then exercised acts of ownership, paid taxes, etc., thereon. Without passing upon the validity of any of the tax-deeds under which complainant claims title, we are of opinion that he has shown over twenty years' possession under a claim of title before the commencement of this action, and that he is therefore entitled to the relief prayed for.

The decrees must be affirmed with costs.

The other Justices concurred.